IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABDUS-SHAHID ALI, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 4:10-CV-2469 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| BART JOSEFOWICZ, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM**

May 3, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Plaintiff Abdus-Shahid Ali ("Plaintiff" or "Ali"), a former state inmate, initiated the above action *pro se* by filing a Complaint under the provisions of 42 U.S.C. § 1983. (Doc. 1.) At the time of filing, Ali was an inmate at the Dallas State Correctional Institution ("SCI Dallas") in Dallas, Pennsylvania. His Complaint names the following Defendants and identifies their job titles at SCI Dallas as follows: Lieutenant Bart Joesfowicz, Unit Manager; Andrew Lupohovsky, Psychological Services Associate; and Jerome Walsh, Warden of SCI Dallas.

Service of the Complaint was directed by Order dated January 6, 2011. (Doc. 8.) On March 25, 2011, Defendants filed an Answer to the Complaint. (Doc. 14.) Thereafter, on April 15, 2011, this Court entered an Order setting deadlines for the

completion of discovery and submission of dispositive motions. (Doc. 15.)

On May 2, 2011, the copy of this Court's April 15 Order that had been mailed to Ali at SCI Dallas was returned with a notation that Ali completed his state sentence on March 29, 2011 and therefore no longer is confined at SCI Dallas. (*See* Doc. 16.) An additional notation indicates that the United States Postal Service was "unable to forward" the mail. (*See id.*)

**DISCUSSION**

A *pro se* litigant has an affirmative obligation to keep the Court informed of his or her address. *See* Middle District of Pennsylvania Local Rule 83.18. Ali was informed of this obligation in this Court's Standing Practice Order, which was issued in this case on December 2, 2010, and which provides, in relevant part, as follows:

> A *pro se* plaintiff has the affirmative obligation to keep the court informed of his or her current address. If the plaintiff changes his or her address while this lawsuit is being litigated, the plaintiff shall immediately inform the court of the change, in writing. If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address, the plaintiff will be deemed to have abandoned the lawsuit.

(Doc. 5 at 4.)

When a plaintiff fails to prosecute a case or comply with an order of court, dismissal of his action is appropriate. *See* Federal Rule of Civil Procedure 41(b); *Link*

*v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962).  It would appear from the fact that Ali was released from state custody on March 29, 2011, over one (1) month ago, but has not yet informed the Court of his release from his state sentence or of his new address that he has abandoned interest in this lawsuit.  Moreover, his failure to comply with the requirement of this Court's Standing Practice Order that he inform the Court of address changes has resulted in the Court being unable to communicate with him.  In particular, because this Court's Order setting case management deadlines has not been received by Ali, this matter cannot proceed any further, and thus it would be a waste of judicial resources to allow this case to remain active.

Based upon these circumstances, dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with an order of court is warranted.  However, our dismissal will be without prejudice such that, in the event that Ali provides this Court with his current address within a reasonable time period, our dismissal of this action may be reconsidered.  An appropriate Order will issue on today's date.